UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS LINTHECOME,<br>                Plaintiff,<br>   v.<br>ROBERT LUNA, et al.,<br>                Defendants. | Case No. 2:24-cv-10390-JGB-PD<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM** |

## I.   Pertinent Procedural History and Plaintiff's Claims

On November 25, 2024, Plaintiff Marcus Linthecome ("Plaintiff"), an inmate housed at the Twin Towers Correctional Facility, proceeding pro se filed a Complaint under 42 U.S.C. § 1983 against 21 named Defendants, 50 Doe Defendants, 5 Doe Clinicians, 20 Jail Liaisons, and 50 Doe inmates, along with a motion to proceed *in forma pauperis* ("IFP Motion").  [Dkt. Nos. 1, 2.]  The Complaint asserts that prison officials entered into a conspiracy with other inmates, and that the officers are acquiescing as inmates are currently attempting to breach his cell with a rotary saw.  [Dkt. No. 1 at 5.]

On December 12, 2024, the Court granted Plaintiff's request to proceed without prepayment of fling fees.  [Dkt. No. 8.]  The Court noted that normally Plaintiff would not be eligible for IFP status because he has

previously filed at least three actions that were dismissed as frivolous, malicious, or failed to state a claim.[1] *Linthecome v. Alfaro*, No. 1:17-cv-00872, 2017 WL 11707551, at *1 (E.D. Cal. July 14, 2017). [Id. at 2.] Plaintiff, however, alleged that he should qualify for IFP status under the "imminent danger" exception of 28 U.S.C. § 1915(g). The Court noted that "while Plaintiff's allegations appeared somewhat rambling and conspiratorial, the Court does 'not make an overly detailed inquiry into whether the allegations qualify for the exception' [citing] *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)." [Id.]

On January 28, 2025, the Court issued a screening order dismissing the Complaint pursuant to 28 U.S.C. § 1915A(a)-(b)(1) for failure to comply with Federal Rule of Civil Procedure 8 and failure to state claims under 42 U.S.C. § 1983 and directed Plaintiff to file a First Amended Complaint curing the defects identified by the Court no later than February 28, 2025. [Dkt. No. 29.]

Plaintiff failed to timely file a First Amended Complaint. On March 28, 2025, the Court issued a minute order granting Plaintiff an extension of time to file a First Amended Complaint by no later than April 25, 2025. [Dkt. No. 70.][2]

---

[1] The Court takes judicial notice of its own files and records and notes that Plaintiff has filed over 20 civil rights cases and seven habeas petitions in the Central District of California. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (noting that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.").

[2] Plaintiff filed a series of emergency Motions for Temporary Restraining Orders ("TRO") ["April 24 TRO," Dkt. No. 86]; ["April 28 TRO," Dkt. No. 89]; ["April 28 Motion for Service of SDT and TRO," Dkt. No. 91], along with Motions to "File H.C. (I.F.P.)" ["April 24 Motion," Dkt. No. 87]; for a "Court order for phone access, out of cell time, and showers" ["April 28 Motion," Dkt. No. 92]; and for "Sheriff Luna to provide an order for the 24/7 lockdown" ["May 1 Motion," Dkt. No. 97]. After filing his Motions, Plaintiff filed a notice that he had been transferred to North Kern State Prison ("NKSP") and is no longer housed at the Los Angeles County Jail. [Dkt. No. 100.] Plaintiff's motions [Dkt. Nos. 86, 87, 89, 91, 92, 97], are therefore Denied as

On May 5, 2025, Plaintiff filed a "Notice of Motion for First Filing Complaint," along with a "Notice of Addendum to Complaint Tom Bane Act 52.1 CCP, USC 1983 Civil Rights Attached Complaint." [Dkt. Nos. 94, 95.]

## II.   Allegations in the First Amended Complaint and Addendum

The First Amended Complaint is difficult to decipher; however, it appears Plaintiff is alleging that his court filings are missing--docket numbers one through seven, that warrants and holds issued against him by the San Bernardino County Superior Court are incorrect and should be reissued, that he is being housed in an unsafe unit and cell with audible sawing noise, and that he is being harassed by rude deputies. [Dkt. No. 94 at 1-3.][3]

Plaintiff also filed an Addendum to Complaint naming 52 Defendants and alleging unsafe conditions and ongoing imminent danger. [Dkt. No. 95 at 1-2.] Plaintiff alleges that his court filings--docket numbers one through seven--were stolen; that he has filed 160+ grievances and that the grievance process is futile; and that inmates are using a rotary saw to cut his cell's floor and ceiling in order to try and kill him. [Id. at 3-7.] He alleges that deputies have witnessed his cell's ceiling and floors being sawed into but failed to correct the unsafe conditions. [Id. at 7-13.] Plaintiff also alleges that he has had no phone access, no showers, no time outside his cell, that his housing needs are ignored, and that calls are all recorded. [Id. at 17-19.] He seeks compensatory and punitive damages. [Id. at 26-27.]

---

Moot. A claim is moot if the applicable "issues are no longer live, or the parties lack a legally cognizable interest in the outcome." *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985) (citation omitted). "If an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back." *See Prieser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

[3] The Court previously sent Plaintiff the documents contained in docket numbers 1 through 7. [*See* Dkt. No. 60.]

3

### III. Discussion
#### A. Standard of Review

The Court is required to screen pro se complaints and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 n.7 (9th Cir. 2000) (en banc). When a complaint clearly does not state a claim upon which the court can grant relief, a court may dismiss the case on its own, at the outset, without leave to amend. *See Reed v. Lieurance*, 863 F.3d 1196, 1207-08 (9th Cir. 2017) (affirming district court's *sua sponte* dismissal of claim under Fed. R. Civ. P 12(b)(6)); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) (district court has authority under Rule 12(b)(6) to dismiss *sua sponte* for failure to state a claim).

In determining whether a complaint should be dismissed at screening, the Court applies the same standard as that in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Under that standard, "a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This does not require "detailed factual allegations," but it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001) *as amended on denial of reh'g,* 275 F.3d 1187 (9th Cir. 2001). Because Plaintiff is proceeding pro se, the Court construes the First Amended Complaint liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

To establish liability under 42 U.S.C. § 1983, a plaintiff must demonstrate that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). There is no vicarious liability in § 1983 lawsuits. *See Iqbal*, 556 U.S. at 676. Hence, a government official – whether subordinate or supervisor – may be held liable under § 1983 only when his or her own actions have caused a constitutional deprivation. *Id.* Allegations regarding § 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

**B. Rule 8**

Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege factual allegations to provide "fair notice" of both the particular claim being asserted and "the grounds upon which [the particular claim] rests." *Bell Atl. Corp.*, 550 U.S. at 555 & n.3 (citation and quotation marks omitted). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued, on which theory, and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *Exmundo v. Kane*, 553 F. App'x 742, 743 (9th Cir. 2014) (affirming district court dismissal of § 1983 claims where

5

plaintiff's allegations "were unclear as to the timing and nature of [the defendant's] actions").

Here, despite granting Plaintiff leave to amend, the FAC still does not comply with Rule 8.

### C. Failure to Protect Claim

In the FAC, Plaintiff alleges that his cell is being breached by inmates who are cutting into his cell to try and kill him. [Dkt. Nos. 94 at 3; 95 at 7.] He alleges that the inmates are using a rotary saw to cut the floor and ceiling of his cell, and that the deputies are not getting him help to address the unsafe cell. [Id.] Plaintiff was instructed in the prior dismissal Order that such conclusory allegations in support of this claim fail to plausibly allege an Eighth Amendment violation, and that he must provide specific facts demonstrating that individual Defendants were personally aware of a specific threat to his safety.[4] [*See* Dkt. No. 29 at 7.] *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient" to state a 42 U.S.C. § 1983 claim for relief.)

The FAC is unclear, and it is difficult to determine which of the 52 named individual Defendant(s) Plaintiff intends to sue and on what legal theory. Plaintiff fails to set forth specific facts that provide a basis for any cause of action and connect them to a specific individual Defendant(s) involved. By failing to differentiate among Defendants or specify which Defendant is the subject of Plaintiff's various allegations, the FAC violates Federal Rule of Civil Procedure 8(a)(2) because it fails to provide Defendants with fair notice of its alleged misconduct.

---

[4] In 2013, Plaintiff alleged that the ceilings and floors in his cells at Los Angeles County Jail and Twin Towers Correctional Facility were being cut by rotary saws and that inmates were attempting to breach his cell in order to hurt him. *See Linthecome v. Sheriff Baca, et al.*, 2:13-cv-01407-UA-AJW.

Further, to the extent that Plaintiff sues Sheriff Luna, it is presumably because he is responsible for the employees and the prisoners at the jails. [Dkt. Nos. 94, 95.] Plaintiff cannot sue the Sheriff on this theory because there is no respondeat superior liability under 42 U.S.C. § 1983. *Taylor*, 880 F.2d at 1045. A supervisor may be held liable only if he or she was personally involved in the constitutional deprivation. *See Ashcroft*, 556 U.S. at 676. A supervisor may be liable based on his own acts or omissions, or his knowledge of and acquiescence in the unconstitutional conduct of his subordinates, *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011), *cert. denied*, 566 U.S. 982 (2012). However, the FAC fails to allege any facts implicating Sheriff Luna for personally violating Plaintiff's civil rights or showing that Sheriff Luna had actual knowledge of, and acquiesced in, any constitutional deprivations by his subordinates.

### D. Plaintiff Fails to State a Cognizable Claim Regarding His Grievances

Prisoners do not have a constitutional right to a grievance procedure; nor do they have a right to have their appeals handled in any particular manner. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding "inmates lack a separate constitutional entitlement to a specific grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), *cert. denied*, 541 U.S. 1063 (2004); *see also McCoy v. Roe*, 509 F. App'x 660, 660 (9th Cir. Feb.19, 2013) (affirming dismissal of claims arising from the defendants' response to a prisoner's grievances) (citing *Ramirez*). A prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under § 1983. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Accordingly, the allegations regarding Defendants' handling of Plaintiff's grievances fail to state a cognizable § 1983 claim.

### E. Leave to Amend the FAC Would Be Futile

Plaintiff was granted an opportunity to amend his Complaint. The allegations in the FAC, however, still fail to state cognizable claims. Dismissal of a pro se complaint without leave to amend is proper if it is "'absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1445, 1448 (9th Cir. 1987); *see also*, *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014) (a "district court's discretion in denying amendment is particularly broad when it has previously given leave to amend" (internal quotation marks omitted)). Plaintiff has not met his initial burden to plead sufficient specific, non-conclusory facts that plausibly suggest an entitlement to relief. Any amendment is therefore futile and leave to amend is unwarranted.

### IV. Order

For the foregoing reasons, the Court Dismisses Plaintiff's First Amended Complaint without leave to amend and orders that judgment be entered dismissing this action with prejudice.

**IT IS SO ORDERED.**

Dated: June 30, 2025

HON. JESUS B. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

HON. PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE